UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et. al., | ) ) ) ) |
| Plaintiffs, | ) Case No. 4:11CV00317 AGF |
| vs. | ) ) ) ) |
| MASON'S LANDSCAPING & CONSTRUCTION SERVICES, INC., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Mason's Landscaping & Construction Services, Inc., to set aside, pursuant to Rule 60(b), the Clerk's Entry of Default entered herein on September 12, 2011. Defendant acknowledges receipt of the summons and complaint on May 10, 2011, but contends that its principal, in communicating with Plaintiff's counsel, failed to understand the necessity of filing an answer.

In determining whether to set aside an entry of default pursuant to Rule 60(b) the Court must consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *See Stephenson v. El-Batrawi*,

524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir.1998)).

Upon consideration of these factors, the Court finds that Defendant's conduct was not blameworthy, despite its delinquency in answering Plaintiff's complaint. "Excusable neglect 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Jefferson v. Hicks*, 364 Fed. A'ppx 281, 283 (8th Cir. 2010) (quoting *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000)). Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Id*. (internal quotation marks and citations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. (internal quotation marks and citations omitted). Given the relatively short delay that has ensued, and Defendant's alleged confusion about the posture of the case, the Court concludes that its failure to file a timely answer is not culpable conduct.

Nor does the Court find that Plaintiffs have been prejudiced by Defendant's failure to file a timely answer. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. Instead, the asserted prejudice must be "concrete," such as the "loss of evidence, increased difficulty in discovery, or greater opportunities for fraud and collusion." *Id*.

(quoting *Berthelson v. Kane*, 907 F.2d 617, 621 (6th Cir.1990)). In this case, Plaintiffs have not offered a showing of prejudice other than a minimal delay of a few months.

Finally, whether Defendant can mount a meritorious defense to Plaintiff's complaint remains to be seen, but given the "judicial preference for adjudication on the merits," the Court concludes that this factor will not prevent Defendant from prevailing on its motion. *Jefferson* at 284 (citing *Johnson*, 140 F.3d at 784).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to set aside the Clerk's Entry of Default is **DENIED**. (Doc. No. 8)

**IT IS FURTHER ORDERED** that Defendant is granted five (5) days from the date of this Order to file its answer or other responsive pleading.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2011.